UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X
MATTHEW MORGANTI,

        Plaintiff

        v.

PORT AUTHORITY TRANS HUDSON CORP.,

        Defendant
-----------------------------------------------------------------X

17 Civ.

JURY TRIAL REQUESTED

## COMPLAINT

Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

### THE PARTIES

1. The plaintiff is a resident of the State of New Jersey, County of Bergen, and City of Lyndhurst.

2. The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in New Jersey and New York.

3. Prior to July 5, 2014, and at all times hereinafter mentioned, the defendant employed the plaintiff as a maintainer under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4. Prior to July 5, 2014 and at all times hereinafter mentioned, the defendant maintained, operated and controlled buildings and work sites along its right-of-way located in Kearney, New Jersey which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

5. During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation among multiple states.

## JURISDICTION AND VENUE

6. The plaintiff brings the First Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

7. This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

8. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant resides in this District and/or because defendant does business in this District.

## FACTS

9. At the time of the defendant's FELA violations, the plaintiff was employed by the defendant and qualified as an employee within the meaning of 45 U.S.C. § 51.

10. On March 16, 2015, the plaintiff was working as a maintainer at the direction and training of defendant, when plaintiff turned to walk west between an abandoned storage shed and "P" track to meet a contractor to escort him across the tracks, plaintiff hit his face on a protruding cage, whereby plaintiff injured his face.

11. Defendant's conduct, more specifically set forth below, caused, in whole or in part, the plaintiff to suffer various physical, psychological and economic harms.

12. Plaintiff's injuries include, but are not limited to, laceration to his nose and forehead.

## COUNT I
### Violation of FELA

13. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

14. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

15. On or about July 5, 2014, while the plaintiff, an employee of the defendant, was in the performance of his duties as a maintainer along its right-of-way located in Kearney, New Jersey, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

   a. in failing to provide plaintiff with a reasonably safe place to work;

   b. in failing to remove the unnecessary cage;

   c. in failing to paint the cage a bright color

   d. in failing to warn plaintiff of the protruding cage along the pathway;

   e. in failing to maintain plaintiff's work place; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

16. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

17. The plaintiff was damaged thereby in the sum of $200,000.00.

WHEREFORE, plaintiff demands judgment against the defendant on Count I in the sum of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS; together with the costs and disbursements of this action.

                                  Respectfully submitted

By: _____
                        MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com